UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEOPHUS PRINCE,<br><br>                         Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden of San Quentin State Prison<br><br>                         Respondent. | Case No.: 16cv0871 BAS (KSC)<br><br>**ORDER:**<br><br>**(1) GRANTING REQUEST FOR APPOINTMENT OF COUNSEL;**<br><br>**(2) REFERRING MATTER TO SELECTION BOARD FOR SUGGESTION OF APPOINTED COUNSEL, AND;**<br><br>**(3) DIRECTING CLERK'S OFFICE TO CORRECT DOCKET** |

On April 11, 2016, Petitioner Cleophus Prince filed a request for appointment of counsel for federal habeas proceedings and an accompanying declaration. (ECF No. 2.) Petitioner also filed a civil cover sheet which was docketed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1.) For the reasons discussed below, the Court **GRANTS** the request, **REFERS** the matter to the Selection Board for the Southern District of California for the recommendation of one or more attorneys for appointment, and **DIRECTS** the Clerk to correct the docket as detailed below.

1

## I. BACKGROUND

Petitioner was convicted in San Diego County Superior Court of six counts of first degree murder with the special circumstances of rape-murder and multiple-murder, five counts of burglary, one count of rape, and several other non-capital offenses, and was sentenced to death. On April 30, 2007, the California Supreme Court affirmed the convictions and sentence on direct appeal. People v. Prince, 40 Cal. 4th 1179 (2007). The petition for a writ of certiorari was denied by the United States Supreme Court on January 8, 2007. Prince Jr., Cleophus v. California, 552 U.S. 1106, 128 S. Ct. 887 (2008).

On August 20, 2007, Petitioner filed a habeas petition (Case No. S155510) with the California Supreme Court, and on July 27, 2001, Petitioner filed an amended petition accompanied by declarations and exhibits. An informal response was filed on October 15, 2012, and a reply was filed on September 23, 2013. The California Supreme Court has not yet ruled on the state habeas petition.

## II. DISCUSSION

In a signed declaration dated April 6, 2016, Petitioner states that his state habeas petition is fully briefed "unless and until the court issues an order to show cause or orders supplemental briefing," but that "[t]he court may issue a summary denial at any time which is final immediately," and "[a]t that point, the time for seeking federal review will begin running." (ECF No. 2-1 at 2.) Petitioner states that: "I am submitting a request for counsel now in anticipation of this contingency," and asserts that if his state petition is denied, he intends to file a federal habeas petition and needs the assistance of counsel to prepare and litigate a federal petition. (Id.) Petitioner also indicates that both his state appellate counsel and his state habeas counsel have advised Petitioner that they are unavailable to represent him in federal habeas proceedings and states that: "I am indigent and do not have the assets to retain an attorney to represent me in these proceedings." (Id.)

The Ninth Circuit has held that "when . . . an appeal of a state criminal conviction is pending, a would-be petitioner must await the outcome of his appeal before his state remedies are exhausted." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); see

also 28 U.S.C. § 2254(b)-(c).  As noted above, Petitioner's direct appeal is long concluded, as the United States Supreme Court denied the petition for writ of certiorari in 2008.  While Petitioner's state habeas petition remains pending before the California Supreme Court, the Ninth Circuit has clarified that Sherwood applies only to pending direct appeals.  See Henderson v. Johnson, 710 F.3d 872, 874 (9th Cir. 2013) (rejecting district court's reliance on Sherwood to dismiss federal habeas action filed while state habeas petition was pending without allowing leave to amend or considering a stay, stating that "Sherwood stands for the proposition that a district court may not adjudicate a federal petition while a petitioner's direct state appeal is pending.")

   The Court is aware that in prior capital habeas actions in this district, as well as in other California federal district courts, the process of locating qualified prospective counsel to recommend for appointment may take a substantial amount of time.  (See e.g. Jurado v. Davis, S.D. Cal. Case No. 08cv1400-JLS-JMA, ECF Nos. 1, 23 (over eight months between request for, and appointment of, counsel), Hoyos v. Cullen, S.D. Cal. Case No. 09cv0388-L-NLS, ECF Nos. 1, 12 (over seven months between request and appointment), Ramos v. Chappell, 3-05-cv-3752-SI, 2013 WL 3815644, at *1 n.1 (N.D. Cal. 2013) (collecting cases).)  The relevant federal statute, which provides for the appointment of counsel in capital habeas actions, simply states that: "In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f)."  18 U.S.C. § 3599(a)(2).  Meanwhile, this district's local rules provide for the appointment of federal habeas counsel "at the earliest practicable time."  See CivLR HC.3(d)(1).  Based on these considerations, Petitioner's request for appointment of counsel appears reasonable and is therefore **GRANTED**.

///

## III. CONCLUSION AND ORDER

Pursuant to Local Rule HC.3(d) and 18 U.S.C. § 3599, Petitioner's request for appointment of counsel is **GRANTED**, and it is **HEREBY ORDERED** that this matter be referred to the Selection Board for the United States District Court, Southern District of California, for suggestion of one or more counsel to be appointed to represent Petitioner in his federal habeas corpus proceedings.

The Clerk is also **DIRECTED** to correct the docket to properly reflect (1) that the request for appointment of counsel is the initiating event in the instant proceeding and (2) that the civil cover sheet is a cover sheet, and is not a petition for writ of habeas corpus. See Calderon v. United States District Court for the Northern District of California, 98 F.3d 1102, 1107 n.3 (9th Cir. 1996) ("Unlike non-capital prisoners who initiate habeas proceedings by filing a petition for a writ of habeas corpus, capital prisoners commence habeas proceedings by filing a request for appointment of counsel."), citing Mc Farland v. Scott, 512 U.S. 849 (1994); see also CivLR 3.1 ("*For administrative purposes only*, every complaint, petition or other paper initiating a civil action or proceeding must be accompanied by a civil cover sheet . . .") (emphasis added).

The Clerk of the Court shall serve a certified copy of this order on Petitioner Cleophus Prince; Attorney Mark E. Cutler; Attorney Gary B. Wells; Respondent Ron Davis, Warden of San Quentin Prison; the Clerk of the San Diego County Superior Court; Kamala Harris, Attorney General of the State of California; Quisteen S. Shum, Deputy Attorney General of the State of California; Office of the District Attorney of San Diego County; Joe Schlesinger, California Appellate Project, San Francisco; and Elaine Alexander, Appellate Defenders, Inc.

**IT IS SO ORDERED.**

Dated: April 19, 2016

_____
Hon. Cynthia Bashant
United States District Judge