UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEOPHUS PRINCE, JR., <br><br> Petitioner, <br><br> v. <br><br> RONALD DAVIS, Warden of San Quentin State Prison <br><br> Respondent. | Case No.: 16cv00871 BAS (KSC) <br><br> **DEATH PENALTY CASE** <br><br> **ORDER:** <br><br> **(1) GRANTING PETITIONER'S MOTION TO TEMPORARILY LIFT STAY, REOPEN CASE TO PERMIT AMENDMENT, AND RE-ENTER STAY OF PROCEEDINGS [ECF No. 65];** <br><br> **(2) GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE AMENDMENT TO PETITION [ECF No. 66]** |

The instant federal habeas proceeding is presently stayed pursuant to Rhines v. Weber, 544 U.S. 269 (2005), pending the exhaustion of state court remedies. (See December 31, 2019 Order, ECF No. 50.) Petitioner moves to temporarily lift the stay, reopen the case to amend the federal petition and re-enter the stay; he also moves for leave to file an amendment to the federal petition. (ECF Nos. 65, 66.) For the reasons discussed below, the Court **GRANTS** Petitioner's motions.

///

## I. Relevant Procedural History

While the original federal Petition was filed nunc pro tunc to April 10, 2019, (see ECF Nos. 26, 28, 33), the operative Petition in this habeas proceeding is currently the First Amended Petition filed on October 11, 2019. (See ECF No. 50.) On December 31, 2019, after briefing and argument, the Court granted Petitioner's request to stay the federal proceedings and directed: "Petitioner will present his unexhausted claims to the state court within 30 days of the filing date of this Order and will also submit proof of that filing in this Court. Petitioner will also file a brief report with this Court every 90 days thereafter to keep the Court updated on the status of the state petition. During the pendency of these state proceedings, proceedings on the federal case will be stayed. Any amended petition filed in this case must be filed within 30 days of the state court resolution of the exhaustion petition. If Petitioner fails to commence exhaustion proceedings in state court or file any amended petition in this Court within the deadlines set forth in the instant order, the stay will be lifted, and this case will proceed on the federal Petition pending at that time." (ECF No. 59 at 22.)

On January 30, 2020, Petitioner filed his second state habeas petition in the California Supreme Court (case number S260432), which on February 11, 2020, was transferred to the San Diego Superior Court. (See ECF Nos. 60, 61.) On March 16, 2020, the state superior court stayed that state habeas petition (case number HC 244155) pending the outcome of a related case pending in the California Supreme Court, in which oral argument was held on April 7, 2021. (See ECF Nos. 61, 64.)

On April 8, 2021, Petitioner filed a Motion to Reopen Case to Permit Amendment and Enter a Further Stay of Proceedings and Motion for Leave to File a First Amendment to the Petition. (ECF Nos. 65, 66.) On April 23, 2021, Petitioner filed a status report in this Court, indicating that on April 9, 2021, Petitioner filed a third state habeas petition and appendix in the San Diego Superior Court, raising the same claim presented in the instant pending motions in this Court. (See ECF No. 68.) On April 23, 2021, Respondent filed an Opposition. (ECF No. 69.) On April 30, 2021, Petitioner filed a Reply. (ECF No. 70.)

## II. Discussion

### A. Motion to Amend Petition

"By statute, Congress provided that a habeas petition 'may be amended . . . as provided in the rules of procedure applicable to civil actions.'" Mayle v. Felix, 545 U.S. 644, 649 (2005), quoting 28 U.S.C. § 2242. Accordingly, Rule 15 of the Federal Rules of Civil Procedure directs in relevant part that: "A party may amend its pleading once as a matter of course" in two circumstances, including: "21 days after serving it" or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). Rule 15 additionally directs in relevant part: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has further and specifically instructed:

> Under Rule 15(a), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). We have held that leave to amend, although within the discretion of the trial court, "should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings." James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001). A district court may, however, take into consideration such factors as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

In re Morris, 363 F.3d 891, 894 (9th Cir. 2004). In addition to reaffirming "[c]ourts may freely grant leave when justice so requires," the Ninth Circuit has also indicated "public policy strongly encourages courts to permit amendments" and "[t]he policy of allowing amendments 'is to be applied with extreme liberality.'" Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008), citing Fed. R. Civ. P. 15(a) and Outdoor Sys., Inc. v. City of Mesa, 997 F.2d 604, 614 (9th Cir. 1993) and quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

While Petitioner originally maintained he was entitled to amend as a matter of course under Rule 15(a)(1)(B) because he had not previously amended the federal Petition (see ECF No. 66-1 at 4), the parties presently agree Petitioner previously amended the Petition and as such, is not entitled to amend as a matter of course under that rule.  (See ECF No. 69 at 11; ECF No. 70 at 2); (see also ECF No. 50) (First Amended Petition, filed October 11, 2019.)  Accordingly, Petitioner presently moves to amend solely under Rule 15(a)(2).  (See ECF No. 70 at 2.)  Respondent argues the Court should decline to reopen proceedings to permit amendment of the federal petition, citing futility, undue delay, and Petitioner's prior amendment.  (ECF No. 69 at 6.)

First, as Petitioner correctly observes, the potential for prejudice is afforded a substantial weight amongst the factors to consider.  (See ECF No. 70 at 3, citing and quoting from Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Not all factors merit equal weight . . . [I]t is the consideration of prejudice to the opposing party that carries the greatest weight.  Prejudice is the touchstone inquiry under rule 15(a).") (internal citations and quotations omitted).)  As such, the Court finds it significant Respondent does not suggest granting leave to amend the federal Petition would result in any prejudice.  See e.g. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (noting "leave to amend is not to be granted automatically," stating "[a] trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit," and indicating "[p]rejudice to the opposing party is the most important factor."), citing Foman v. Davis, 371 U.S. 178, 182 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31 (1971).  The Court also fails to independently discern a likelihood of prejudice, given the federal proceedings are currently and already stayed for exhaustion purposes.  Moreover, Respondent will have an opportunity to raise procedural defenses to the newly proposed claim and Petitioner's other claims in the Answer after exhaustion proceedings are concluded, including a prospective statute of limitations defense to the new claim as discussed in more detail below.

Second and upon review, the Court is not persuaded Respondent's assertion of futility, undue delay, and the fact of Petitioner's prior amendment offers persuasive support for denying Petitioner's motion to amend. As referenced above, Respondent primarily contends the instant amendment is futile and there is undue delay because the newly proposed claim is untimely, could have been raised at an earlier time and does not relate back to the claims currently contained in either the original or First Amended Petition. (ECF No. 69 at 11-15.)

Petitioner maintains the new claim, which asserts "the decision to seek the death penalty in his case was arbitrary and capricious and based on the unjustifiable standard of race" in violation of his federal Constitutional rights, is based on a study of San Diego death penalty cases and charging decisions published in May 2020. (ECF No. 66-1 at 12-13.) Meanwhile, Respondent asserts "[n]otwithstanding the fact that the May 2020 Death Penalty Study was published twenty-seven years after Prince's trial, the Death Penalty Study is not the factual predicate for a new claim and Prince did not require it to challenge the validity or reasonableness of the prosecutor's decision to charge the special circumstances against him." (ECF No. 69 at 12-13.) Respondent also notes "while the Death Penalty Study may have been published in 2020, Prince plainly recognizes that 'he is Black and the victims he was convicted of killing were white,'" but "does not explain why he and his attorney could not have ascertained the factual basis of his proposed new claim since the District Attorney charged him with the special circumstances and certainly before the judgment became final on direct appeal." (Id. at 14-15, quoting ECF No. 66-1 at 2.) Petitioner, in turn, "disputes [Respondent's] characterization of his claim" and argues "[t]he claim is based on the publication of the study's analytical findings, not the fact of Mr. Prince's race and the race of the victims, in isolation from other defendants and victims" and "[i]t is a claim of discriminatory prosecution, which of necessity entails a comparison and expert analysis of all the cases in the universe covered by the study." (ECF No. 70 at 6.)

///

Despite the clearly disparate descriptions of the new claim and the forceful albeit brief arguments by both parties in the instant pleadings concerning timeliness and relation back, the Court does not, upon initial and cursory review, find the issue of timeliness so clear-cut nor the new claim so clearly meritless that it compels a conclusion amendment would be undoubtedly futile.  Nor is the Court at all persuaded it is appropriate to decide this matter now.  Instead, as Petitioner suggests (see id. at 6-7), it appears premature to address or decide the applicability of any potential procedural defenses at the present time, particularly because such defenses are properly raised as to whole of the federal Petition in the Answer.  See Rule 5(b), 28 U.S.C foll. § 2254 ("The answer must address the allegations in the petition.  In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.")  A filing date for the Answer in this case has not yet been directed or contemplated.  Not only could Respondent choose to assert additional procedural defenses in the Answer that can and should be more efficiently addressed together, but Respondent also could possibly later decide to raise a timeliness or statute of limitations defense as to other claim or claims in the federal Petition; it would be similarly inefficient for the Court to consider and decide such potentially complex procedural issues in a fragmented fashion.

Additionally, because Respondent's assertion of undue delay is based on the same premise as the futility argument, that is, Petitioner's new claim is allegedly untimely and could have been raised earlier (see ECF No. 69 at 14), the Court also remains unconvinced undue delay counsels in favor of denying amendment.  Again, the Court finds no need to make any findings as to the timeliness of the new claim under AEDPA or relation back at present, as Respondent does not waive the ability to raise any arguably applicable procedural defenses in the Answer after the resolution of the pending state petitions.

Respondent's final stated reason for advocating denial of amendment is that Petitioner previously amended the federal Petition.  While the Court recognizes this is a factor to be properly considered, in view of the lack of a persuasive showing as to undue delay and futility and the absence of any articulated prejudice from amendment or assertion

of bad faith, the fact that Petitioner previously amended the federal Petition does not on its own suffice to justify denying amendment in the instant situation.

Given the lack of any apparent prejudice and the analysis of the other factors discussed herein, coupled with the relevant public policies and rules concerning amendment, the Court finds the balance of factors clearly counsel in favor of permitting amendment. See Fed. R. Civ. P. 15(a); Morris, 363 F.3d at 894; Waldrip, 548 F.3d at 732. Accordingly, the Court **GRANTS** Petitioner's motion to amend.

### B. Stay of Federal Proceedings

As noted above, in the December 31, 2019 Order, the Court previously ordered proceedings on the federal case would remain stayed during the pendency of the state proceedings, any amended petition must be filed within 30 days of the state court resolution of the exhaustion petition, and indicated if Petitioner failed to commence state proceedings or file any amended petition within the timelines discussed, the stay would be lifted and the case would proceed on the federal Petition pending at that time. (See ECF No. 59 at 22.) Petitioner asks the Court to enter an order staying the federal proceedings pursuant to the same terms outlined in that Order. (ECF No. 65 at 2, citing ECF No. 59 at 22.) Respondent opposes any stay beyond the date of resolution of the second state petition, citing the lack of good cause for failing to exhaust the new claim and because the new claim assertedly lacks merit and is time-barred. (ECF No. 69 at 6.)

The Court agrees with Petitioner that it appears this issue is likely moot, given the San Diego Superior Court has evidently assigned to the third state petition, in which Petitioner presented the new claim to the state court, the same case number as the previously pending second state petition. (See ECF No. 70 at 10, 13); (see also ECF No. 68 at 2) (Petitioner's April 23, 2021 status report indicated in relevant part: "As of this writing, the Superior Court assigned the Third Petition the same case number that was assigned the Second Petition: HC 244155.")

The Court previously held Petitioner was entitled to a stay of the federal proceedings under Rhines v. Weber, 544 U.S. 269 (2005), for the purpose of exhausting the claims now

before the state court in the second state petition.  (See ECF No. 59 at 22.)  At present, the second state petition remains pending and unresolved by the state court and it is apparent Petitioner remains entitled to the stay previously granted to exhaust those claims regardless of the prospective outcome of a Rhines analysis based solely on the new claim.  As such, the Court **GRANTS** a temporary lifting of the stay to allow for amendment and **DIRECTS** the stay previously in place be re-entered after amendment.  In the event the state court resolves the second state petition separately from and earlier than the third state petition, which again appears unlikely given that both petitions have been assigned the same case number, the Court can address that matter at that time.

### III.    Conclusion and Order

For the reasons discussed above, the Court **GRANTS** Petitioner's motion [ECF No. 65] to temporarily lift the stay, reopen the case to permit amendment and re-enter a stay of the federal proceedings and **GRANTS** Petitioner's motion [ECF No. 66] for leave to file an amendment to the federal Petition.  Accordingly, the Court **DIRECTS** the December 31, 2019 stay temporarily lifted for purposes of amendment be re-entered after amendment.  Given the parties presently agree Petitioner previously amended the federal Petition (see ECF No. 69 at 11; ECF No. 70 at 2), the instant amendment will therefore be designated the Second Amended Petition.

As discussed above, Respondent is not precluded from raising any available procedural defenses, including timeliness and statute of limitations, in the Answer.  In the event the two pending state habeas petitions are not resolved together, and the second state petition is resolved prior to the third state petition, the parties remain free to raise any necessary issues with the Court concerning the appropriateness of a continued stay of the federal proceedings in the event such circumstances arise.

**IT IS SO ORDERED.**

**DATED:** May 17, 2021

Hon. Cynthia Bashant
United States District Judge