**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLEOPHUS PRINCE,<br>Petitioner,<br>v.<br>JASON SCHULTZ, Warden of California State Prison Sacramento,<br>Respondent. | Case No. 16-cv-0871-BAS-GC<br>*DEATH PENALTY CASE*<br>**ORDER DIRECTING JOINT STATUS REPORT AND DIRECTING SUBSTITUTION OF RESPONDENT** |

On November 5, 2026, the Governor of California issued a letter "decid[ing] to exercise [his] constitutional clemency authority to commute all California death sentences to life without the possibility of parole." *California Office of the Governor*, "*Governor Newsom's Open Letter Regarding Commutation of All Death Sentences*" (Nov. 5, 2026).[1] "Subject to application procedures provided by statute, the Governor, on conditions the Governor deems proper, may grant a reprieve, pardon, and commutation, after sentence, except in case of impeachment." Cal. Const. art. V, § 8(a). However, "[t]he Governor may

---

[1] Available at: https://www.gov.ca.gov/wp-content/uploads/2026/11/2026-11-5-26-GGN-Open-Letter-FINAL.pdf; *see also* https://www.gov.ca.gov/wp-content/uploads/2026/11/List-of-Intended-Clemency-Recipients.pdf (Petitioner's name is included in list of Intended Clemency Recipients).

not grant a pardon or commutation to a person twice convicted of a felony except on recommendation of the Supreme Court, 4 judges concurring." *Id.*

Given this recent development, the Court **DIRECTS** the parties to confer and submit a joint status report on or before **November 30, 2026**. In the joint status report, the parties are directed to address what, if any, impact this development has on (1) the pending federal habeas Petition (Second Amended Petition, ECF No. 73) in the instant capital habeas corpus action, which is currently stayed and the federal proceedings held in abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) (*see* ECF No. 59 at 22; *see also* ECF No. 71 at 8); and (2) the continued appointment and current and/or future funding of counsel for Petitioner in view of the provisions of both 18 U.S.C. § 3599 and 18 U.S.C. § 3006A.

Separately, when this habeas corpus action was commenced, Petitioner was incarcerated at San Quentin State Prison and named Ronald Davis, Warden, as Respondent. (*See* ECF No. 1.) Petitioner is now incarcerated at California State Prison Sacramento, *see* https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=H99600, last visited Nov. 6, 2026, and Jason Schultz is presently Warden of that correctional facility. *See* https://www.cdcr.ca.gov/facility-locator/SAC/; *see, e.g.*, *U.S. v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of information obtained from Bureau of Prison's Inmate Locator Service "that is available to the public") (additional citations omitted). Because a writ of habeas corpus acts upon the custodian of the state prisoner, *see* 28 U.S.C. § 2242; *see also* R. 2(a), Rules Governing Section 2254 Cases (2019), and in order to conform with the requirements of Rule 2(a) of the Rules Governing Section 2254 Cases, the Court **DIRECTS** the Clerk to substitute Jason Schultz as Respondent in place of Ronald Davis in the case caption. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996), citing R. 2(a), Rules Governing Section 2254 Cases (2019).

**IT IS SO ORDERED.**

**DATED: November 9, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**